UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARABU IBRAHIM GAZOR, | : |
| Petitioner, | : Civ. No. 16-8707 (KM) |
| v. | : |
| ORLANDO RODRIGUEZ, | : OPINION |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I.   INTRODUCTION

The petitioner, Larabu Ibrahim Gazor, is an immigration detainee currently lodged at the Elizabeth Detention Center in Elizabeth, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, respondent's motion to dismiss the habeas petition will be granted and the habeas petition will be dismissed without prejudice.

## II.   BACKGROUND

Mr. Ibrahim Gazor is a native and citizen of Ghana. He sought admission into the United States on September 13, 2015 at the San Ysidro Port of Entry in California without valid documents for entry. He was transferred to immigration detention on September 21, 2015.

On August 9, 2016, Mr. Ibrahim Gazor was ordered removed to Ghana by an Immigration Judge ("IJ"). Mr. Ibrahim Gazor then filed an appeal of that removal order to the Board of Immigration Appeals ("BIA"). On January 27, 2017, the BIA dismissed Mr. Ibrahim Gazor's appeal of the IJ removal order.

As Mr. Ibrahim Gazor was proceeding with his immigration proceedings, he filed this federal habeas petition in November, 2016. He requests his immediate release from immigration detention or, alternatively, that a bond hearing take place before an IJ. The respondent filed a motion to dismiss the habeas petition on February 6, 2017. Mr. Ibrahim Gazor did not file a reply within the time allotted.

Respondent states that Mr. Ibrahim Gazor is no longer in pre-removal immigration detention; because the BIA has now dismissed his appeal, his order of removal is final, and he is now in post-removal status. Respondent argues that Mr. Ibrahim Gazor's detention is legal under the relevant post-removal immigration detention authority.

### III.   DISCUSSION

A. <u>Pre-removal Immigration Detention</u>

Mr. Ibrahim Gazor seeks his release from immigration detention or that this Court order a bond hearing because of the length of time he has been in immigration detention. The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal. This period of detention is known as the "pre-removal" period. Detention of an alien in the pre-removal period is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which a petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v.*

3

*Attorney Gen.,* 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano,* No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a particular case." *Diop,* 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop,* 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez,* the Third Circuit noted with respect to the circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478. A petitioner's bad faith, too, has at least the potential to influence the determination of whether a bond hearing should be ordered. *See Chavez-Alvarez,* 783 F.3d at 476 ("Because we conclude that Chavez-Alvarez did not act in bad faith, we do not need to decide here whether an alien's delay tactics should preclude a bond hearing.").

Respondent argues that Mr. Ibrahim Gazor is not entitled to relief under *Diop/Chavez-Alvarez* because he was being held in detention pursuant to 8 U.S.C. § 1225(b) as an inadmissible arriving alien, not under § 1226(c). It is unnecessary to decide the issue, which has become moot. Because the BIA has dismissed Mr. Ibrahim Gazor's appeal of the IJ's removal order, he is no longer in pre-order removal immigration. *See* 8 C.F.R. § 1241.1(a) (order of removal by IJ becomes final upon dismissal of appeal by the BIA). Therefore, whether Mr.

Ibrahim Gazor possessed a claim for pre-removal habeas relief is no longer an issue. However, this Court will also analyze whether Mr. Ibrahim Gazor is entitled to habeas relief under post-removal immigration detention authority.

B. <u>Post-removal Immigration Detention</u>

Mr. Ibrahim Gazor is now subject to a final order of removal. *See* 8 C.F.R. § 1241.1(a) (order of removal by IJ becomes final upon dismissal of appeal by the BIA). Post-removal immigration detention, like pre-removal detention, can become excessive at some point, but is subject to different standards.

Title 8 of the United States Code Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or

> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1. Section 1231(a)(2) requires that the alien be detained during the ninety day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief" *Alexander v. Attorney Gen. United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

6

Mr. Ibrahim Gazor's post-removal immigration detention began on January 27, 2017. Thus, the ninety-day mandatory detention period set forth in Section 1231(a)(1)(A) has not yet expired. Furthermore, Mr. Ibrahim Gazor is still clearly within the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*. Therefore, to the extent that Mr. Ibrahim Gazor could challenge his post-removal-order immigration detention, such a challenge is premature. *Accord Grossett v. Muller*, No. 13–0364, 2013 WL 6582944, at *3 (D.N.J. Dec.13, 2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12–7720, 2013 WL 1405774, at *4 (D.N.J. Apr. 4, 2013) (same). Should the United States fail to execute the order of removal within a reasonable time, Mr. Ibrahim Gazor may reassert his petition as a challenge to excessive post-removal detention.

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice. An appropriate order will be entered.

DATED: March 9, 2017

KEVIN MCNULTY
United States District Judge